IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 24-225 (MN) |
| ROBERT MAY, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Christopher R. Desmond, James T. Vaughn Correctional Center, Smyrna, Delaware – Pro Se Plaintiff.

May 17, 2024
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Christopher R. Desmond, an inmate confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff has paid the filing fee. Plaintiff initially had a co-plaintiff, but he has since been dismissed. (D.I. 12). Plaintiff has also filed a motion to amend, which was docketed as an amended complaint, but is more accurately viewed as a supplement to the complaint. (D.I. 9). Plaintiff has also filed a motion for preliminary injunction (D.I. 3), a motion to amend his motion for preliminary injunction (D.I. 4), a motion for an order to show cause hearing and motion for preliminary injunction (D.I. 10), motion for an order (D.I. 13), and a third motion for a preliminary injunction (D.I. 16). He has filed several other documents as well. (D.I. 5, 7, 11, 14, 15). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

Plaintiff's filings are somewhat difficult to follow, in part because the allegations pertaining to his claims are interwoven with the allegations pertaining to his former co-plaintiff's claims and are scattered across many filings. Plaintiff appears to bring First Amendment claims related to the confiscation and blocking of his legal materials and correspondence. He also appears to bring a claim based on his removal from employment in the law library. Finally, he brings a RICO claim and a claim under 42 U.S.C. § 1985. For relief, Plaintiff seeks $1 million from each Defendant.

In Plaintiff's motions for injunctive relief, he requests that he be reinstated in his position in the law library, that disciplinary hearings against him related to his removal from his position in the law library be stayed, and that retaliation against him in response to his filing of this suit be enjoined.

1

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. <u>DISCUSSION</u>

Plaintiff's claims related to the termination of his employment in the law library will be dismissed for failure to state a claim. Plaintiff did not have a protected liberty interest in his position in the law library, or in any employment position while incarcerated. *See Burrell v. Staff*, 60 F.4th 25, 54 n.8 (3d Cir. 2023) ("'We do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause.'") (quoting *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975)); *see also Maldonado v. Karnes*, No. 14-1330, 2014 WL 5035470, at *5 (M.D. Pa. Oct. 8, 2014) ("An inmate does not have a protected liberty or property interest in prison employment. The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right.") (citing *James v.*

*Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)). Furthermore, Plaintiff has asserted no allegations that would support a claim under RICO or § 1985.

It appears that Plaintiff can state a claim or claims under the First Amendment. His filings, however, are far too scattered and disjointed to permit Defendants to understand and respond to the allegations and claims. Accordingly, Plaintiff will be directed to file an amended complaint containing only his First Amendment claims. This filing will supersede Plaintiff's previous pleadings, and it will be the only filing considered by the Court for screening purposes (*i.e.*, the Court will not consider Plaintiff's original complaint and many supplemental filings for purposes of screening the amended complaint). The amended complaint should comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff's motions for injunctive relief will be denied. As to Plaintiff's requests for injunctive relief related to his position in the law library, as noted, he has failed to state a claim. As to his request for injunctive relief related to alleged retaliation in response to his filing of this lawsuit, those are claims he can pursue in a new lawsuit.

## IV.    CONCLUSION

For the above reasons, the Court will dismiss the RICO and § 1985 claims and direct Plaintiff to file an amended complaint containing only his First Amendment claims. His motions for injunctive relief will be denied.

An appropriate Order will be entered.

4