IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER R. DESMOND, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 24-225 (MN) |
| ROBERT MAY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Christopher R. Desmond, Smyrna, Delaware – *Pro Se* Plaintiff

Lorin Huerta, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware – Counsel for Defendants Robert May, Jason Schaffer, Andrew Peruchi, Roger Rainy, Matthew Dutton, Brian Reyoulds, and Brian Emig

February 24, 2025
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On February 20, 2024, Plaintiff Christopher R. Desmond, an inmate at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, initiated this action *pro se*, alleging civil rights violations by Defendants Robert May, Jason Schaffer, Andrew Peruchi, Roger Rainy, Matthew Dutton, Brian Reyoulds and Brian Emig. (D.I. 1). The operative pleading is the Amended Complaint. (D.I. 22). Pending before the Court is Defendants' motion to dismiss for failure to state a claim. (D.I. 35). The parties have fully briefed the motion. (*See* D.I. 41, 43, 45). The following motions filed by Plaintiff are also currently pending: motion for declaratory judgment (D.I. 24); letter-motion for immediate stay (D.I. 26); motion for reconsideration (D.I. 27); letter-motion for discovery requests (D.I. 28); motion for denial of Defendants' dismissal motion (D.I. 38); motion to recuse the Bar (*id.*); and motion to disqualify Delaware Attorney General's Office (D.I. 46). The Court resolves all motions as set forth below.

**I.      BACKGROUND**

The Amended Complaint alleges that between October 2023 and June 2024, at JTVCC in Delaware, Defendants committed constitutional and civil rights violations, pursuant to 42 U.S.C. § 1983. (D.I. 22 at 2-5, 9). As alleged, in October 2023, Plaintiff was chosen as a representative for a pending class action suit. (*Id.* at 5). At that time, Defendants May, Schaffer, and Peruchi told Plaintiff that he could not keep his job in the law library if he participated in the class action suit, which he felt was an attempt to intimidate him into not participating in the suit. (*Id.*). Defendants May, Schaffer, Peruchi, and Rainy then threatened to fire Plaintiff and "re-classify him to max status." (*Id.* at 6). Plaintiff felt that the attempted intimidation and threats by Defendants impinged upon Plaintiff's right "to practice his Catholic faith in social justice," which "entailed both prison reform and criminal justice reform as agreed to by [Delaware Department of Corrections] defendants" in a prior legal settlement. (*Id.*).

1

On January 16, 2024, Defendants May, Schaffer, and Rainy confronted Plaintiff again. (*Id.*). Defendants May and Schaffer again threatened Plaintiff and told him not to be involved in the class action suit. (*Id.*). Defendant May stated that his wife and stepdaughter were employed by JTVCC or providers for the facility. (*Id.* at 6-7). Defendant May told Plaintiff that if Plaintiff liked his status, he "should not represent them people." (*Id.* at 7).

Two weeks later, Defendant Rainy and an unnamed security officer instructed Plaintiff to return to his housing unit, where Plaintiff was then called to meet with Defendant Reyoulds, who informed Plaintiff that he was suspended from his law library job for allegedly e-filing documents on behalf of another inmate. (*Id.*). Plaintiff contested this allegation, and one week later, Defendant Reyoulds told Plaintiff that he was suspended for "accepting money from inmates for legal services." (*Id.*). Plaintiff again contested this allegation, and Defendant Reyoulds told Plaintiff, "You should not represent those people, and you would not be in trouble," before leaving the meeting. (*Id.* at 8). Defendant Reyoulds met with Plaintiff a third time regarding the return of legal documents confiscated from Plaintiff. (*Id.*).

Following this third meeting with Defendant Reyoulds, Plaintiff informed Defendants May, Schaffer, and Emig about what had happened with Defendant Reyoulds, but Defendants May, Schaffer, and Emig did nothing about Plaintiff's complaint. (*Id.*). Plaintiff "also documented this in a grievance which Defendant Dutton never recorded." (*Id.*).

Then on February 20, 2024, Plaintiff filed the initial Complaint in the instant case, and approximately twenty minutes later, Defendant Reynolds and unspecified others served Plaintiff with a disciplinary report. (*Id.*). Three days later, Plaintiff was found guilty of all charges in the disciplinary report, despite Defendants presenting no evidence to support their claims. (*Id.*). Plaintiff then appealed the determination to Defendants May and Emig, "which was ignored and

2

further retaliation was administered by Defendants May and] Emig when [Plaintiff] was sent to [the] max housing unit as further punishment." (*Id.* at 9).

On June 4, 2024, Lieutenant Jason Arrington, who has not been named as a party to this action, told Plaintiff that if he filed any more grievances related to the law library, Plaintiff would be issued a disciplinary report and remain in "max-SHU [special housing unit] confinement." (*Id.*). Arrington also told Plaintiff that "he'll use the disciplinary procedure to get [Plaintiff]." (*Id.*).

Based on the foregoing, Plaintiff seeks damages from Defendants in their individual capacities, "as they acted[ ]to deliberately obstruct and impose sanctions on Plaintiff in violation of his First, Sixth, and Fourteenth Amendment[ ]rights under the United States Constitution, obstructing [Plaintiff's] access to the courts and [his ability] to present claims of constitutional rights[,] as retaliation for [Plaintiff] invoking[ ]those rights." (*Id.*).

## II.  **LEGAL STANDARDS**

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the

3

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

The Court permitted Plaintiff leave to amend the Complaint to pursue his First Amendment claims exclusively. (*See* D.I. 18). Accordingly, the Court now determines whether a First Amendment claim against Defendants can be reasonably inferred from the allegations in Plaintiff's Amended Complaint. *Iqbal*, 556 U.S. at 678.

As Defendants have stated in briefing, when a prisoner asserts that the actions of defendants have inhibited the prisoner's opportunity to present a legal claim, the prisoner must show that he or she "lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." (D.I. 35 at 5 (citing *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008)). Upon review of the Amended Complaint, the Court finds that Plaintiff has failed to allege that he lost a chance to present a legal claim, let alone show that such a claim was nonfrivolous or arguable. Without such a showing of injury, Plaintiff fails to state a First Amendment claim, and his action will be dismissed.

Moreover, because the Amended Complaint fails to state a First Amendment claim, it fails to comply with this Court's May 17, 2024 Order, which warned Plaintiff that "failure to timely comply with this Order will result in dismissal of this case without prejudice." (D.I. 18). Accordingly, this action will be dismissed without prejudice.

## IV.     CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss for failure to state a claim.  (D.I. 35).  The Court will deny the remaining pending motions as moot.  (D.I. 24, 26, 27, 28, 38, 46).

An appropriate Order will be entered.